## Commonwealth v. Smith

*Huette Dowling,* District Attorney, for Commonwealth.

*Richard D. Walker,* Public Defender, for petitioner.

KREIDER, P. J., November 4, 1968. — Petitioner, George D. Smith, was convicted by a jury on September 9, 1953, of a felony murder and sentenced to life imprisonment. He has now filed a petition wherein he requests that he be furnished with certain documents and miscellaneous papers at the expense of Dauphin County. Specifically, petitioner requests "docket entries, arrest warrant, magistrate's records and transcripts, indictments, notes of testimony and all other court documents submitted in petitioner's case".

We will first take into consideration petitioner's request for the notes of testimony of his trial. The law in Pennsylvania governing such requests is the Act of May 1, 1907, P. L. 135, as amended, 17 PS §1802. The act provides in substance that if defendant before or during the trial requested that the proceedings be reported stenographically, he shall receive a copy thereof if requested within 90 days from the date of verdict or at any time if in the discretion of the court such request should be granted.

Petitioner's request comes long after the 90-day period provided by the act; indeed, it comes some 15 years from the date of verdict. Once the 90-day period has elapsed the mandatory provision of the Act of May 1, 1907, is no longer applicable and it becomes the responsibility of the courts, through the exercise of sound judicial discretion, to determine whether the request should be granted: Commonwealth v. Weller, 25 D. & C. 2d 43, 12 Cumb. 1, (Adams Co., Sheely, P. J., 1961) ; Commonwealth v. Singer, 65 Lack. Jur. 178 (1963) ; Lewis v. Clerk of Court, 88 Dauph. 64 (1967).

It has been the practice in Dauphin County to send a copy of the notes of testimony to the State Correctional Institution where a convicted defendant is incarcerated after the trial testimony is transcribed by the court reporter and lodged in the office of the clerk of courts. This copy is made available to defendant by

the officials at the institution. A copy was sent to the institution where petitioner was incarcerated. Evidence of this fact is in the form of a petition under the Post Conviction Hearing Act of January 25, 1966, P. L. 1580, 19 PS §1180-1, et seq., filed by petitioner on August 9, 1968. Appended to the petition is a supporting brief that quotes and cites by page number from the same notes of testimony that petitioner requests be furnished to him. Under such circumstances we can see no need to provide a second copy at the county's expense.

In Commonwealth v. Metz, 46 D. & C. 2d 73, we held that when the county had sent a copy of the notes of testimony to the institution where petitioner was incarcerated and such copy was available for his use, the county had no obligation to honor a request for a second copy made pursuant to the Act of May 1, 1907, where such request was made long after the 90-day period provided by said act had expired. We feel obliged in the exercise of our discretion to reach a similar conclusion in this case.

Petitioner also asks that he be furnished with copies of various miscellaneous papers. This request must likewise be denied. Neither the Act of May 1, 1907, nor any other statute or court decision authorizes the furnishing of miscellaneous papers at the county's expense: Commonwealth v. Rightnour, O. & T., Dauphin County, September Sessions 1966, no. 3, (October 14, 1968)[1] and cases cited therein. Consequently, we feel petitioner's request should not be granted.

## ORDER

And now, November 4, 1968, the petition of George D. Smith requesting copies of the notes of testimony and certain miscellaneous papers is hereby dismissed.

---

[1] The Rightnour opinion has not yet been reported.